## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of a petition to Quash Subpoena *duces tecum* and/or for a reasonable bond:<br><br>CHILDREN'S NATIONAL MEDICAL CENTER, a District of Columbia Corporation; 111 Michigan Ave. NW, Washington, DC 20010<br><br>  Petitioners,<br><br>       vs.<br><br>MASIMO CORPORATIONA, a Delaware Corporation; 40 Parker, Irvine, CA 92618;<br><br>and<br><br>SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD., a Corporation of the People's Republic of China, Mindray Building, Keji 12th Road South, High-Tech Industrial Park, Nanshan, Shenzhen, People's Republic of China 518057<br><br>Respondents. | Case No. SACV 12-02206 CJC (JPRx)<br><br>NOTICE OF PETITION TO QUASH SUBPOENA *DUCES TECUM* AND/OR FOR A REASONABLE BOND |

In connection with an action pending in the District Court of California, Central District of California entitled:

*Masimo Corporation v. Shenzhen Mindray Bio-Medical Electronics CO., Ltd.*

PLEASE TAKE NOTICE that, upon the Petition of Children's National medical Center,

dated December 11, 2014, the supporting affidavit of Nereida Crann, executed December 12, 2014, the memorandum of law submitted herewith, and all other papers and pleading properly filed herein, Petitioners will move this Court as soon as counsel can be heard, to grant petitioners the following relief pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 45(d)(1) and Rule 45(3)(A)(iv):

(a) An order quashing the subpoena issued to nonparty Children's Hospital by Respondent Shenzhen Mindray bio-Medical Electronics Co., Ltd.

(b) An order for Respondent to pay a fifty-thousand dollar bond, to cover reasonable expenses incurred by production of the requested documents

(c) An order awarding Petitioner such additional relief as the Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that Petitioner designates the District of Columbia as the place of venue on the ground that the subpoena demanded documents and an affidavit from Mrs. Crann in the District of Columbia and the subpoena was served on Children's National Medical Center in the District of Columbia.

Dated:          December 11, 2014
                Washington, D.C.

Respectfully submitted,

CHILDRENS NATIONAL
MEDICAL CENTER

By:

/s/ Kenneth H. Rosenau
Kenneth H. Rosenau, Esq.
D.C. Bar No. 342733
Rosenau & Rosenau
1304 Rhode Island Ave., NW
Washington, DC  20005
Tel:     (202) 387 8680
Fax:     (202) 387 8682

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In the Matter of a petition to Quash Subpoena *duces tecum* and/or for a reasonable bond: | ) ) ) | |
| | ) | |
| CHILDREN'S NATIONAL MEDICAL CENTER, a District of Columbia Corporation; 111 Michigan Ave. NW, Washington, DC 20010 | ) ) ) ) | Case No. SACV 12-02206 CJC (JPRx) |
| | ) | |
| Petitioners, | ) ) | PETITION TO QUASH SUBPOENA *DUCES TECUM* AND/OR FOR A REASONABLE BOND |
| vs. | ) | |
| | ) | |
| MASIMO CORPORATIONA, a Delaware Corporation; 40 Parker, Irvine, CA 92618; | ) ) ) | |
| | ) | |
| and | ) ) | |
| | ) | |
| SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD., a Corporation of the People's Republic of China, Mindray Building, Keji 12th Road South, High-Tech Industrial Park, Nanshan, Shenzhen, People's Republic of China 518057 | ) ) ) ) ) ) ) ) | |
| | ) ) | |
| Respondents. | ) | |

In connection with an action pending in the District Court of California, Central District of California entitled:

*Masimo Corporation v. Shenzhen Mindray Bio-Medical Electronics CO., Ltd.*

Petitioners Children's National Medical Center ("Petitioners"), by and through their undersigned counsel, hereby petition this Court, pursuant to Federal Rules of Civil Procedure Rule 45(d)(1) and 45(d)(3)(iv), to quash the subpoena ("Subpoena") issued to Children's National Medical Center, a nonparty to the underlying litigation currently pending in the District

Court for the Central District of California, or in the alternative issue an order requiring a bond of fifty thousand dollars be paid by the Respondents for reasonable costs incurred as a result of complying with the subpoena, and an order awarding Children's National Medical Center such additional relief as the court may deem just and proper.

In Support of its Petition, Petitioners allege, on information and belief, as follows:

1. Petitioner is a District of Columbia Corporation.

2. Respondent is a company of the Peoples Republic of China

The Subpoena at Issue In This Petition

3. Respondent served the Subpoena on Children's National Medical Center on December 1, 2014.

4. The Subpoena would cause an undue burden under Federal Law because the subpoena is vague, in terms of documents requested, and broad as to the time frame.

5. The Subpoena would further cause an undue burden on the Petitioner because of the strict operating budget Petitioner operates under.

6. The Subpoena is defective because the documents sought can be obtained by numerous other sources

7. Under FRCP Rule 45(d)(1), a party or attorney that issues a subpoena must take reasonable steps to avoid imposing an undue burden or expense on the person subject to the subpoena.

8. Under FRCP Rule 45(d)(3)(A)(iv), a court in the district where compliance with the subpoena is required must quash or modify a subpoena when it imposes an undue burden

9. Under FRCP Rule 45(d)(3)(C), a court may instead of quashing or modifying a subpoena order production if the serving party shows substantial need for the material that cannot

be met without undue hardship and the subpoenaed person will be reasonably compensated.

WHEREFORE, Children's National Medical Center seek:

(a) An order quashing the Subpoena, or

(b) An order requiring a fifty thousand dollar bond be paid by the Respondents to cover expenses incurred by Petitioner in compliance of the Subpoena, and

(c) An order awarding Children's National Medical Center such additional relief as the Court may deem just and proper.

Dated:        December 11, 2014
              Washington, D.C.

                                        Respectfully submitted,

                                        CHILDRENS NATIONAL
                                        MEDICAL CENTER

                                        By:

                                        /s/ Kenneth H. Rosenau
                                        Kenneth H. Rosenau, Esq.
                                        D.C. Bar No. 342733
                                        Rosenau & Rosenau
                                        1304 Rhode Island Ave., NW
                                        Washington, DC 20005
                                        Tel:    (202) 387 8680
                                        Fax:    (202) 387 8682

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of a petition to Quash Subpoena *duces tecum* and/or for a reasonable bond: <br><br> CHILDREN'S NATIONAL MEDICAL CENTER, a District of Columbia Corporation; 111 Michigan Ave. NW, Washington, DC 20010 <br><br>    Petitioners, <br>           vs. <br><br> MASIMO CORPORATIONA, a Delaware Corporation; 40 Parker, Irvine, CA 92618; <br><br> and <br><br> SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD., a Corporation of the People's Republic of China, Mindray Building, Keji 12th Road South, High-Tech Industrial Park, Nanshan, Shenzhen, People's Republic of China 518057 <br><br> Respondents. | Case No. SACV 12-02206 CJC (JPRx) <br><br> PETITION TO QUASH SUBPOENA *DUCES TECUM* AND/OR FOR A REASONABLE BOND |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO QUASH SUBPOENA

COMES NOW, Children's National Medical Center, through undersigned counsel, seeking an order from this Court to quash the subpoena *duces tecum* issued by Respondents. The Subpoena should be quashed for the reasons state below:

### I.   Compliance with the Subpoena would cause an undue burden on the Petitioners

1.   Under the Federal Rules of Civil Procedure (FRCP) Rule 45(d)(3)(iv) A court must quash or modify a subpoena that subjects a person to an undue burden. A court when

determining whether a subpoena causes an undue burden will "balance the burden imposed on the party subject to the subpoena, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information."[1] The Court has also required that the court be "generally sensitive to the costs imposed on third-parties."[2]

    i.  Compliance with the subpoena will cause the Petitioner an undue burden because of the cost of compliance. The only alternative is that Respondents pay a bond to cover the cost

The cost of compliance with the Petitioner would cause an undue financial burden on the Petitioner under FRCP Rule 45(d)(1). Petitioner operates a hospital in the District of Columbia which does not refuse medical care to children no matter the income level. As a result the operating budget of the Petitioner operates at a slim margin. In the affidavit of Nereida Crann The additional cost that would be incurred through have to comply with the subpoena would cause an undue financial burden on the Petitioner because of the slim operating budget and the number of additional work hours that would be required in order to comply with the Subpoena.

Respondents may alleviate the financial hardship cause by compliance by paying a bond to cover expenses. Under FRCP Rule 45(3)(d) A party responsible for issuing the subpoena has a duty to ensure the party subject to the subpoena does not incur an undue burden. The financial burden that this subpoena poses to the Petitioner can be alleviated by paying a bond of fifty-thousand dollars to cover all expenses that may be incurred by the Petitioner in compliance with the subpoena.

    ii.  The information requested in the subpoena is relevant to the claim but can be

---

[1] *Call of the Wild Movie LLC v. Does 1-1, 062, et.al.*, 770 F.Supp.2d 338, 354( citing *North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49,51(D.D.C. 2005))
[2] *Id.* (citing *In re Micron Tech.*, 264 F.R.D. at 9)

found from numerous other sources

Though the information sought in the Subpoena is relevant to the underlying action and claims by the Respondents there are numerous other sources for such information. Petitioner is one hospital out of innumerable other that has purchased products from the Defendant in the underlying action. The operating budget of the Petitioner imposes a particularly sharp burden on them as they incur extra cost they cannot afford if they must comply with the subpoena. Further, the broad nature of the subpoena means that numerous documents would be produced as a result of compliance, a large portion of which would be irrelevant to the underlying action in this case. Though the information requested in the Subpoena may be relevant to the underlying action, there is no reason that the documents held by Petitioner hold any more relevance to the underlying action. The documents held by Petitioner are not especially relevant, and may be found from many other sources.

iii.   The breadth of the Subpoena would cause an undue burden on the Petitioner

The document requests in the Subpoena are very broad both in scope of documents and time frame. The Subpoena requests production of a very broad scope of documents including all agreements, all justifications relating to using Respondent's pulse oximetry, all purchases of Respondent's products since 2008 and all documents showing total quantity of Respondent products bought. This type of overbroad discovery request would encompass a vast quantity of documents, not all strictly relevant to the underlying action. The Subpoena encompasses all of these documents since 2008, this wide time frame for the discovery request further stresses the huge number of documents this is likely to produce, and the large cost the

Petitioner would incur as a result of compliance.

iv.   <u>The litigant does not need the specific information kept by Petitioner</u>

The Petitioner is one of numerous other hospitals that have purchased products from the Respondent and hold not special relationship with the parties, therefore the Respondent does not need the records held specifically by this Petitioner. There are no facts, and no justification, for the request of documents for this specific hospital. Petitioner has no special relationship to either of the Respondent's and the documents that Petitioner has that may be responsive to the Subpoena would hold not special weight in the underlying action. Given the various other people that hold similar documents and the large financial burden that would be incurred by the Petitioner should compliance with this subpoena be enforced, it would be more appropriate for the Respondents to seek these documents from a person whom this subpoena would not cause an undue burden.

### Conclusion

This subpoena would cause an undue burden on the Petitioner under the balancing test established in *Call of the Wild Movie LLC* and should therefore be quashed. In the alternative, due to the heavy financial burden that would be incurred by Petitioners in complying with the request Respondent's should pay a fifty thousand dollar bond to cover the additional costs. This subpoena would cause an undue financial burden on the Petitioner because of the hugely broad scope of the request, the lack of special relationship between the Petitioner and Respondent which gives numerous other sources for these documents, and the lack of relevance these specific documents have to the underlying action.

### Request for Relief

For the aforementioned reasons, and any others the court may find in its discretion, the Petitioner now respectfully requests from this court:

(a) An order quashing the Subpoena as causing an undue burden on Petitioner;

(b) Alternatively, an order for a bond to be paid by Respondents of fifty thousand dollars to cover costs incurred by the Petitioner;

(c) Such additional relief as this Court may deem just and proper.

Dated:          December 11, 2014
                Washington, D.C.

                                  Respectfully submitted,

                                  CHILDRENS NATIONAL
                                  MEDICAL CENTER

                                  By:

                                  /s/ Kenneth H. Rosenau
                                  Kenneth H. Rosenau, Esq.
                                  D.C. Bar No. 342733
                                  Rosenau & Rosenau
                                  1304 Rhode Island Ave., NW
                                  Washington, DC  20005
                                  Tel:    (202) 387 8680
                                  Fax:    (202) 387 8682

1

**CALDARELLI HEJMANOWSKI & PAGE LLP**

2   Ben West (SBN #251018)

   dbw@chplawfirm.com

3   12340 El Camino Real, Suite 430

4   San Diego, CA  92130

   Telephone: (858) 720-8080

5   Facsimile: (858) 720-6680

6   Attorneys for Defendant and Counter-Plaintiff
   and Counter Counter-Defendant

7   SHENZHEN MINDRAY BIO-MEDICAL
   ELECTRONICS CO., LTD.

8

**UNITED STATES DISTRICT COURT**

9   **CENTRAL DISTRICT OF CALIFORNIA**

10   **SANTA ANA DIVISION**

11

12   | | |
   |---|---|
   | MASIMO CORPORATION, a Delaware corporation and MASIMO INTERNATIONAL SARL, a corporation of Switzerland, | Case No. SACV12-02206 CJC (JPRx) |

13

14   Plaintiffs,

15   v.

16   SHENZHEN MINDRAY BIO-
   MEDICAL ELECTRONICS CO., LTD.,

17   a corporation of the People's Republic of
   China,

18

19   Defendant.

20   AND RELATED COUNTERCLAIMS.

**SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.'S NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY CHILDREN'S NATIONAL MEDICAL CENTER**

21

22

23

24

25

26

27

28

EXHIBIT

A

1    PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of

2  Civil Procedure, Defendant and Counter-Claimant Shenzhen Bio-Medical Electronics

3  Co., Ltd. ("Shenzhen Mindray") hereby gives notice of serving a Subpoena to Produce

4  Documents, Information, or Objects or to Permit Inspection of Premises in a Civil

5  Action on Non-Party Children's National Medical Center, a copy of which is attached

6  hereto as **Exhibit 1**.

7

8  DATED:  December 1, 2014         **CALDARELLI HEJMANOWSKI & PAGE LLP**

9                                           By: _s/ Ben West_

10                                              Ben West

11                                           Attorneys for Defendant and Counter-Plaintiff
                                             and Counter Counter-Defendant
12
                                             SHENZHEN MINDRAY BIO-MEDICAL
13                                           ELECTRONICS CO., LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| MASIMO CORPORATION et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| SHENZHEN MINDRAY BIO-MEDICAL ELEC. CO., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  SACV 12-02206-CJC (JPRx)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Children's National Medical Center c/o CT Corporation System
1015 15th Street, NW, Suite 1000 Washington, DC  20005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: SameDay Process, 1-844-737-8331<br>1413 K Street NW, 7th Floor<br>Washington, DC  20005 | Date and Time:<br><br>12/15/2014 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/01/2014

CLERK OF COURT

_____          OR    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
Shenzhen Mindray Bio-Medical Electronics Co., Ltd. _____, who issues or requests this subpoena, are:

Ben West, 12340 El Camino Real, #430, San Diego, CA 92130; dbw@chplawfirm.com; 858-764-8109

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  SACV 12-02206-CJC (JPRx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                  *Server's signature*

                                            _____
                                                  *Printed name and title*

                                            _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Federal Rules of Civil Procedure Rule 45, Children's National Medical Center is required to produce the documents and/or things responsive to the numbered requests set forth below, at the place, date, and time specified in the document subpoena to which this Attachment A is attached, or at such other time as may be agreed to in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS

In addition to the instructions under Rule 45 of the Federal Rules of Civil Procedure, the following supplemental instructions apply throughout these requests:

1.      For purposes of responding to these requests, "You" and "Your" refer to Children's National Medical Center and its agents, employees, investigators, counsel, and any other individuals acting under their control and/or direction, whether express or implied.

2.      All documents and materials which are responsive in whole or in part to the following numbered requests shall be produced in full, without abridgment, abbreviation or expurgation of any sort.  If any such documents and/or materials cannot be produced in full, produce them to the greatest extent possible and indicate in Your written response what portions of the documents and/or materials are not produced and why they could not be produced.

3.      You are required to produce not only the original or an exact copy of the original of all documents and materials responsive to the following numbered requests, but also all copies of such documents and materials which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts of said documents and materials.

4.      Electronic documents must be produced in the form(s) in which they are ordinarily maintained or in reasonably usable form(s), subject to the requirements of Rule

45(e)(1)(B) of the Federal Rules of Civil Procedure.

     5.     If You are not producing any documents and materials responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, please describe the withheld document and/or material with specificity, identify the privilege claimed or other reason why the document and/or material is not produced, state the names and capacities of all persons who participated in the preparation of the document and/or material, and state the names and capacities of all persons to whom the document and/or material was circulated or its contents communicated.

## REQUESTED DOCUMENTS AND TANGIBLE THINGS

### REQUEST FOR PRODUCTION NO. 1:

     All license, distributor, and purchase agreements, however denominated, between You and Masimo Corporation (hereinafter "Masimo") from January 1, 2008 until the present date.

### REQUEST FOR PRODUCTION NO. 2:

     All documents from January 1, 2008 to the present, describing or reflecting any explanation or justification relating to the benefit of using Masimo pulse oximetry sensors or patient cables with Masimo pulse oximeter monitors or SET boards or detriment of using non-Masimo pulse oximetry sensors or patient cables with Masimo pulse oximeter monitors or SET boards.

### REQUEST FOR PRODUCTION NO. 3:

     All documents from January 1, 2008 to the present describing or reflecting any explanation or justification relating to the benefit of using Nellcor Oximax pulse oximetry sensors or patient cables with Nellcor Oximax pulse oximeter monitors or boards, or the

detriment of using non-Nellcor pulse oximetry sensors or patient cables with Nellcor Oximax pulse oximeter monitors or boards.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show Your purchases of Pulse Oximeter Products, by product type, in the United States by year, from January 1, 2008 to the present. For purposes of this request, the term "Pulse Oximeter Products" shall mean those products either using or used in connection with pulse oximetry technology, including any pulse oximeter monitor, any pulse oximetry circuit board, any pulse oximetry sensor, and any patient cable used to connect sensors to pulse oximeter monitors, regardless of the identity of the manufacturer thereof.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the following regarding Pulse Oximeter Products, in the United States, from January 1, 2008 to the present:

a.      Your total quantity of Pulse Oximeter Products purchased, by product type; and

b.      Your actual and average purchase prices for Pulse Oximeter Products, by product type.

For purposes of this request, the term "Pulse Oximeter Products" shall mean those products either using or used in connection with pulse oximetry technology, including any pulse oximeter monitor, any pulse oximetry circuit board, any pulse oximetry sensor, and any patient cable used to connect sensors to pulse oximeter monitors, regardless of the identity of the manufacturer thereof.

## REQUEST FOR PRODUCTION NO. 6

All documents from January 1, 2008 to the present constituting or reflecting customer or medical staff or user complaints or negative feedback regarding Masimo Pro-Cal or X-cal technology or features in Masimo pulse oximetry products.

# UNITED STATES DISTRICT COURT
F͞ o͞ ͞r       # THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| MASIMO CORPORTATION, a Delaware ) | |
| corportation ) | |
| ) | Case No. SACV 12-02206 CJC |
| Plaintiff, ) | (JPRx) |
| vs. ) | |
| ) | Affidavit of |
| SHENZHEN MINDRAY BIO-MEDICAL ) | Patrick Horrell |
| ELECTRONICS CO., LTD., a corporation of ) | |
| the People's Republic of China, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### Affidavit of Patrick Horrell

I, Patrick Horrell, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge.

1.  I am a citizen of the United States of America and I am over 18 years of age.

2.  I am currently a partner of Rosenau LLP in Washington, D.C.

3.  Rosenau LLP is representing Children's National Medical Center as outside counsel

4.  I have read the subpoena issued by Eirin Galante, Counsel for Defendant on December 1, 2014.

5.  After reading the request it is my belief that in order to comply with the request it would require three weeks of work.

6.  In order to comply with this request it would cost approximately two thousand dollars per week.

7.  In order to comply it would take approximately 15 hours of paralegal work per week.

8.  In order to comply it would take approximately 5 hours of work by an attorney.

9.  This cost would cause Children's National Medical Center an undue financial burden.



EXHIBIT
B

I declare under penalty of perjury that the foregoing is true and correct.

_____

Patrick Horrell

_____

Date

## UNITED STATES DISTRICT COURT
FoR **THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| MASIMO CORPORTATION, a Delaware ) | |
| corportation ) | |
| ) | Case No. SACV 12-02206 CJC |
| Plaintiff, ) | (JPRx) |
| vs. ) | |
| ) | Affidavit of |
| SHENZHEN MINDRAY BIO-MEDICAL ) | Nereida Crann |
| ELECTRONICS CO., LTD., a corporation of ) | |
| the People's Republic of China, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### Affidavit of Nereida Crann

I, Nereida Crann, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge.

1.  I am a citizen of the United States of America and I am over 18 years of age.

2.  I am currently employed by Children's Hospital as Materials Manager, in Washington, D.C.

3.  Children's Hospital uses products by Masimo.

4.  To my knowledge many other hospitals across the country use the same products.

5.  Children's Hospital in Washington, D.C. keeps their purchasing files organized by vendor name.  A list of medical products purchased by CNMC is available from our MMIS.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Nereida Crann

Ella Lae
Notary Public Prince Georg's
County MD
My Commission Expries 2018

12 - 17 -14
_____
Date


EXHIBIT
C